IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 91-4255
_____

KENNETH E. WILDBUR, SR., ET AL.,

Plaintiffs-Appellants,

v.

ARCO CHEMICAL CO., ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
_____

(December 7, 1992)

ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion 10/12/92, 5th Cir. 1992, 974 F.2d 631)

Before KING and WIENER, Circuit Judges, and LAKE*, District Judge.

PER CURIAM:

The Petitions for Rehearing are **DENIED** and no member of this panel or Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestion for Rehearing En Banc is **DENIED**.

Although we have denied rehearing, we write to clarify our opinion in two respects, neither of which is material to the

_____
* District Judge for the Southern District of Texas, sitting by designation.

outcome of our decision.  The parties agree that the court did not fully describe the relationship between section 35 of the ARRP and the special severance benefits under Schedule M of the STAP.  We agree and modify the October 12, 1992, opinion by deleting the sentence that begins at the end of 974 F.2d page 633 and substituting instead the following sentence:

> Employees eligible for Section 35 benefits had the option of choosing between enhanced ARRP retirement benefits plus a reduced special payment under the STAP or regular severance payments under the STAP with no enhanced ARRP retirement benefits.[1]

Plaintiffs argue that our opinion fails to expressly state that the district court can consider remanded facts to the administrator, that is, facts not originally considered by the ARRP administrator but considered by the administrator after the district court remanded plaintiffs' claims to the administrator for further consideration.  The remands by the district court to the ARRP administrator were by agreement of the parties, and neither party complained on appeal of any of the orders of the district court remanding plaintiffs' claims for further consideration by the ARRP administrator.  Since new facts were presented to the administrator by agreement of the parties, the district court is to give

---

[1] The sentence deleted read as follows:

> An eligible employee could elect to receive either enhanced retirement benefits under section 35 of the ARRP or the special severance benefits provided by Schedule M of the STAP, but not both.

-2-

these remanded facts the same consideration it is to give to facts initially considered by the ARRP administrator.  Part III of our opinion explains the analytical framework for the district court's consideration of both original and remanded facts.

\Wildbur.sup