United States Court of Appeals,

Fifth Circuit.

No. 94-20652

Summary Calendar.

James C. PICKROM, Plaintiff-Appellant,

v.

BELGER CARTAGE SERVICE, INC., et al., Defendants,

Central States, Southeast and Southwest Areas Pension Fund,
Defendant-Appellee.

July 11, 1995.

Appeal from the United States District Court for the Southern
District of Texas.

Before JONES, BARKSDALE and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

Plaintiff-Appellant James C. Pickrom ("Pickrom") appeals the
district court's granting of Defendant-Appellee Central States
("Central States") motion for summary judgment and denial of
Pickrom's motion for summary judgment. The district court
concluded that the Trustees of the Central States Pension Fund
("the Pension Fund") made a correct legal interpretation of the
record, and thus their decision to deny Pickrom benefits was not an
abuse of discretion. We affirm.

I.

In May 1985, Pickrom wrote to the Pension Fund to determine
the years of credited service he had accumulated towards a pension
under the Pension Plan. Since 1949, Pickrom held various
employment positions normally covered by Teamster Union contracts.

1

For example, he worked at Sullivan Transfer Company ("Sullivan") from April 1979 to May 1985, Belger Cartage Company ("Belger") from sometime in 1972 to December 1978, Wells Transportation Company ("Wells") from sometime in 1969 to sometime in 1972 and Johnson's Specialty ("Johnson's") from sometime in 1949 to sometime in 1961. The Pension Fund determined that Wells and Johnson's were not participating employers under the Pension Plan. The Pension Fund also determined that for the Teamsters Local Union No. 988 ("Local 988"), of which Pickrom was a member, Belger was only a participant in the Central States Health and Welfare Fund, not the Pension Plan. In order for Pickrom to qualify for a twenty-year service pension from the Pension Fund, he had to have at least twenty years of credited service in accordance with the requirements of the Pension Plan, with the employer making pension contributions for at least ten of those years.

Pickrom subsequently applied for a pension. The Pension Fund granted him a total of 7.6 years of contributory service for his work at Sullivan, which made him eligible to receive 7.6 years credit for non-contributory service for a total of 15.2 years of credited service. The Pension Fund also determined that Belger did not participate in the Pension Plan while Pickrom was employed there because it was rejected for pension participation on two prior occasions, once in 1978 and again in 1981. The Pension Fund informed Pickrom of its findings.

On December 9, 1986, Belger sent a check to the Pension Fund for $732.00 for pension contributions on behalf of Pickrom.

2

Pickrom was informed that the Pension Fund was unable to accept the contributions because Belger was rejected for Pension Fund participation on two occasions for its Local 988 members. The money sent by Belger was instead used to credit Belger for balances owed to the Pension Fund for eligible employees at other Belger terminals. The Pension Fund subsequently denied Pickrom's claim for a twenty-year service pension on February 25, 1986. Pickrom exhausted administrative appeals and presented his appeal to the Trustees. They denied his claim at a meeting held on February 17, 1989, concluding that 1) Belger was not obligated to submit contributions to the Pension Fund relative to Pickrom or any other Local 988 employee from October 1, 1975 through September 30, 1978 and 2) the aggregate contributory service credit for Pickrom was 7.6 years, less than the minimum requirements for eligibility for a twenty-year service pension.

On August 28, 1989, Pickrom filed suit in federal court against Belger, Local 988 and Central States pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* In an amended complaint, Pickrom dropped Belger and Local 988 as defendants. Then on February 25, 1992, the parties filed a Joint Stipulation and Agreed Statement of Facts, stating that the sole issue to be resolved by the district court, upon cross-motions for summary judgment, was Pickrom's entitlement to a twenty-year service pension under the requirements of the Pension Plan. Resolution of the issue required the court to determine whether Pickrom should receive contributory service credit for his

three years of employment with Belger between 1975 and 1978. On August 4, 1994, the district court denied Pickrom's motion for summary judgment and granted Central States' motion for summary judgment, concluding that the Pension Fund Trustees' interpretation of the Pension Plan was legally correct, and thus Pickrom was ineligible for contributory service credit during his years at Belger because Belger was not a "contributing employer" under the terms of the Pension Fund's Plan Document.

## II.

At issue is whether the Trustees properly denied Pickrom contributory service credit for the nearly three years he worked for Belger, and denied him eligibility for a twenty-year service pension. The parties agree that the Trustees had final and discretionary authority to determine Pickrom's eligibility for pension benefits. When the plan administrator has such discretionary authority, a reviewing court applies an abuse of discretion standard. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956-57, 103 L.Ed.2d 80 (1989). We review *de novo* the district court's holding that the Trustees did not abuse their discretion in determining that Pickrom was not eligible for a twenty-year contributory service pension under the requirements of the Pension Plan. *Chevron Chemical Co. v. Oil, Chemical and Atomic Workers Local Union 4-447,* 47 F.3d 139, 144 (5th Cir.1995) (quoting *Sweatman v. Commercial Union Ins. Co.,* 39 F.3d 594, 601 (5th Cir.1994)). We apply the abuse of discretion standard through a two-step inquiry. First, we must determine

4

whether the Trustees gave the Pension Plan a legally correct interpretation.  If we determine that the interpretation was not legally correct, we must then determine whether the Trustees' decision constituted an abuse of discretion.  *Id.* at 145 (quoting *Wildbur v. ARCO Chemical Co.,* 974 F.2d 631, 637 (5th Cir.), *modified on other grounds,* 979 F.2d 1013 (5th Cir.1992).

III.

To address the question of whether the Trustees' interpretation of the Pension Plan was legally correct, we consider three factors:  1) whether the Trustees have given the Pension Plan a uniform construction;  2) whether the Trustees' interpretation is consistent with a fair reading of the Pension Plan;  and 3) whether different interpretations of the Pension Plan will result in unanticipated costs.  *Id.* (citations omitted).  We find no evidence in the record regarding whether the Trustees have given a uniform construction to the Pension Plan or whether different interpretations of the Pension Plan will result in unanticipated costs.  Therefore, we will base our decision concerning the legally correct interpretation of the Pension Plan on whether the Trustees' interpretation is consistent with a fair and reasonable reading of the Pension Plan.  *James v. Louisiana Laborers Health and Welfare Fund,* 29 F.3d 1029, 1033 (5th Cir.1994).  To address this factor, we will review the facts in the record and the language of the Pension Plan itself.

Pickrom contends that the Trustees' interpretation of the Pension Plan to require that an employer be accepted for

5

participation as a contributing employer before an employee can begin to accumulate contributory service credit is legally incorrect because none of the provisions expressing requirements for accumulating contributory service credits indicate that an employee's accumulation of service credits depends on whether an employer or local union has been accepted by the Pension Fund. He argues that the unilateral addition of such a requirement through the guise of interpretation is, effectively, a Pension Plan amendment that makes the reading of the Pension Plan unfair and unreasonable.

Section 1.07 of the Central States Southeast and Southwest Areas Pension Plan defines "contributing employer" as:

> any association or individual employer which has agreed or shall agree, in writing, to be bound by the Trust Agreement and to make Employer Contributions to the Pension Fund according to a Collective Bargaining Agreement, *and which has been accepted by the Board of Trustees as a Contributing Employer.*

(emphasis added). Our review of the record reveals that although Belger applied twice for retroactive participation in the Pension Fund for its Local 988 members, the Trustees rejected both applications. Therefore, Belger was never accepted as a contributing employer under the Pension Plan, and thus never fit the definition of a contributing employer under the Pension Plan. In addition, Belger never contributed to the Pension Fund for any Local 988 members, including Pickrom, during the period that Pickrom was employed by Belger.

Our reading of the Pension Plan and review of the facts leads us to the conclusion that the Trustees' interpretation of the

6

Pension Plan is consistent with a fair and reasonable reading of the Pension Plan. Thus, we find that the Trustees' interpretation of the Pension Plan was legally correct. Having found the Trustees' interpretation legally correct, we need not proceed to the second inquiry for the abuse of discretion standard. *Id.* at 146 (citing *Jordan v. Cameron Iron Works, Inc.,* 900 F.2d 53, 58 (5th Cir.), *cert. denied,* 498 U.S. 939, 111 S.Ct. 344, 112 L.Ed.2d 308 (1990)).

## IV.

For the reasons articulated above, the judgment of the district court is AFFIRMED.