**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-30999
Summary Calendar

JON STACEY THIBODEAUX,

Plaintiff-Appellant

VERSUS

CONTINENTAL CASUALTY INSURANCE COMPANY, ET AL,

Defendants

WINN DIXIE LOUISIANA INCORPORATED;
CONTINENTAL CASUALTY COMPANY,

Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Louisiana
April 20, 1998

Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

JOHN M. DUHÉ, JR., Circuit Judge:

Appellant, a meat cutter at a grocery store, was injured in an automobile accident. Shortly afterward, he quit work claiming that pain prevented him from working. For nearly two years, he received total disability benefits from his employee disability plan. After several doctors pronounced him able to do light or sedentary work, the insuror ended his benefit payments. Appellant unsuccessfully sought reconsideration by the insurance company. Appellant then sued the insuror and his former employer. The district court upheld the denial of benefits. We affirm.

## BACKGROUND

Appellant, Jon Stacey Thibodeaux ("Thibodeaux"), worked with Winn Dixie as a meat cutter for nearly seven years. While working there, Thibodeaux was covered by a long-term disability insurance plan underwritten by Continental Casualty Company "Continental". Thibodeaux injured his back in an automobile accident. Claiming that his pain prevented work, Thibodeaux quit in July. He then submitted his claim for total disability benefits under the plan and Continental began monthly payments. While receiving his monthly stipend, Thibodeaux saw several doctors. They all noted that Thibodeaux was capable of performing light or sedentary work. Based upon these evaluations, Continental determined that Thibodeaux was no longer totally disabled within the plan's terms and discontinued payments. Thibodeaux wrote Continental asking them to reconsider. Continental did so and upheld the termination of benefits.

Thibodeaux sued Continental and Winn Dixie under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq, for reinstatement of his disability benefits. The parties stipulated the relevant facts and submitted trial briefs. The district court held that Continental was correct in terminating Thibodeaux's benefits.

## THE MERITS

### A. Standard of Review

We review a plan administrator's determination de novo unless the plan gives the administrator discretionary authority to

2

determine eligibility.  Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).  Here, the administrator had no such discretion.  Additionally, our holding in Pierre v. Connecticut Gen. Life Ins. Co., 932 F.2d 1552 (5th Cir. 1991) states that we review factual findings under ERISA plans for abuse of discretion.  When we review factual determinations, we can consider only the evidence that was available to the administrator; however, in reviewing interpretations of a plan, we can consider evidence that was unavailable to the administrator.  Southern Farm Bureau Life Ins. Co. v. Moore, 993 F.2d 98, 102 (5th Cir. 1993).

## B. Analysis

The benefit plan defines "total disability" as being "unable to perform the duties of an occupation for which [one] is or [will] become qualified by education, training, or experience."  Thibodeaux asks this Court to ignore the plan's definition of "total disability" and apply instead the "Louisiana rule".  He argues that a line of Louisiana decisions has interpreted "total disability" to allow recovery when the claimant cannot perform the substantial and material parts of his job in the usual way.  See Rodriquez v. American Standard Life & Accident Ins. Co., 553 So.2d 479 (La. Ct. App. 3d Cir. 1989).[1]

Generally, ERISA preempts any state law claim that relates to any employee benefit plan, 29 U.S.C. § 1144(a); however, ERISA's savings clause exempts state laws regulating insurance from

---

[1]Appellees dispute whether this is the correct rule; however, like the district court, we express no opinion as to whether Appellant's statement is a correct one.

3

preemption.  29 U.S.C. § 1144(b)(2)(A).  Thibodeaux concedes that the "Louisiana rule" relates to an employee benefit plan, but it is not preempted because the rule is a state law regulating insurance.

In Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 48 (1987), the Supreme Court held that several factors determine whether a law regulates insurance and is saved from pre-emption.  First, a court should be guided by a "'common-sense view'" of the saving clause's language.  Second, a court should apply the three factor test used to determine whether a practice falls under the "business of insurance" under the McCarran-Ferguson Act, 15 U.S.C. § 1011 et seq.  That test is :  1) whether the practice has the effect of transferring or spreading a policyholder's risk; 2) whether the practice is an integral part of the policy relationship between the insurer and the insured; and 3) whether the practice is limited to entities within the insurance industry.  Id. at 48-9.

We have never addressed the interpretation of an ERISA plan term in light of state law and the savings clause. Thus, we look to other circuits to see how they have applied the test stated above. In Hammond v. Fidelity & Guaranty Life Ins. Co., 965 F.2d 428 (7th Cir. 1992), the Seventh Circuit addressed a similar situation.  In Hammond, a grocery store manager, Hammond, was fired for sexual harassment.  He killed himself, and his wife brought an ERISA action claiming that she was still entitled to life insurance benefits under the employee benefit plan.  The plan extended coverage one year beyond the employment period, if before death, the insured had been totally disabled.  "Totally disabled" was

4

defined as an inability to perform the chief duties of one's job or any job for which one was fitted by education, training or experience. Mrs. Hammond argued that Mr. Hammond's behavior was the result of a narcissistic personality disorder which made him mentally and physically incapable of working at all. Id. at 428-29. Mrs. Hammond asked the court to refer to Illinois' laws governing insurance policy interpretation in deciding whether Hammond was totally disabled. The Seventh Circuit declined to do so stating "[w]e cannot imagine any rational basis for the proposition that state rules of contract interpretation 'regulate insurance' within the meaning of § 1144(b)(2)." Id. at 430. Further, the court stated that while Illinois' decisional laws might effect how benefits were distributed, it did not have the effect of transferring or spreading a policyholder's risk.

Even more important in the court's eyes was that a contrary answer would fly in the face of congressional intent. Looking at ERISA's legislative history, the court determined that Congress expected a uniformity of decisions under the act. Id.; see also Pilot Life, 481 U.S. at 56. The court argued that Congress' expectation would be defeated were the federal courts to preserve 50 different states laws of insurance policy interpretation. Thus, the Seventh Circuit held that ERISA preempts state decisional rules concerning contract interpretation. We, like the other circuits that have addressed this issue[2], agree that ERISA preempts state

---

[2]For other similar cases, see Sampson v. Mutual Benefit Life Ins. Co., 863 F.2d 108, 110 (1st Cir. 1988); McMahan v. New England Mutual Life Ins. Co., 888 F.2d 426, 429-30 (6th Cir. 1989); Brewer

5

law governing insurance policy interpretation.  Thus, we hold that the correct definition of "total disability" is as stated in the plan.  We now turn to whether the decision to end Thibodeaux's benefits was an abuse of discretion.

Thibodeaux argues that Continental's decision was an abuse of discretion because the weight of the medical evidence showed that Thibodeaux could not return to his job as a meat cutter and would be substantially restricted as to the type of employment to which he could return.  But, Thibodeaux himself points out, the plan states that the employee must be physically incapable of performing a job for which he is qualified by education, training, or experience.  Here, every doctor, including Thibodeaux's own physician, concluded that he was capable of performing light or sedentary work.  Moreover, a vocational rehabilitation expert stated that Thibodeaux was qualified to perform many jobs requiring only light or sedentary work.  In <u>Duhon v. Texaco, Inc.</u>, 15 F.3d 1302, 1309 (5th Cir. 1994), this Court held that a plan administrator did not abuse his discretion in deciding, without first consulting a vocational rehabilitation expert, that an employee was capable of working.  Here, the administrator did consult an expert.  Thus, ending Thibodeaux's benefits was not an abuse of discretion.

**CONCLUSION**

For the above reasons, we AFFIRM.

---

v. Lincoln National Life Ins. Co., 921 F.2d 150, 153 (8th Cir. 1990); <u>Envans v. Safeco Life Ins. Co.</u>, 916 F.2d 1437, 1440-41 (9th Cir. 1990).

6