IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-40134
Summary Calendar
_____

BARBARA WHITAKER,

                              Plaintiff-Appellant,

v.

PITNEY BOWES, INC, Employer;
PITNEY BOWES PLAN ADMINISTRATOR,

                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(C-97-CV-110)
_____

December 1, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

     In this case under the Employee Retirement Income Security
Act, plaintiff-appellant Barbara Whitaker appeals the district
court's determination that she is ineligible to receive benefits
under her employer's long-term disability plan. Plaintiff-
appellant argues the district court improperly granted
defendants-appellees' summary judgment motion because the court
limited its consideration to facts and arguments in the

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

administrative record.  Plaintiff-appellant further argues the district court improperly denied her motion for summary judgment and that there was insufficient evidence in the administrative record to support a finding of ineligibility.  We affirm.

## I.  FACTUAL & PROCEDURAL BACKGROUND

Plaintiff-appellant Barbara Whitaker (Whitaker) was employed by defendant-appellee Pitney Bowes, Inc. (Pitney Bowes) as a Copier Division Support Coordinator on July 23, 1991.  Whitaker's job duties involved phone usage, computer work, writing reports, taking inventory of supplies, shipping, mailing, copying, and filing.  In May 1993, Whitaker went on medical leave due to back pain resulting from her pregnancy and an automobile accident.  In October 1993, Whitaker's short-term disability was exhausted, and she was placed on an unpaid leave of absence.  Whitaker never returned to work and has not worked in any profession since May 1993.

Pitney Bowes offers its employees long-term disability (LTD) benefits pursuant to the Pitney Bowes Inc. Long Term Disability Plan (the Plan), which is governed by the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461.  A plan participant is entitled to LTD benefits if the participant is "totally disabled."  Under the Plan, a participant is "totally disabled" if (1) the participant is unable to perform his or her own occupation for a maximum period of twelve months, and (2) after the initial twelve month period, the participant is unable

2

to engage in any gainful occupation or profession for which he or she is, or could become, reasonably suited by education, experience, or training.

In June 1994, Whitaker applied for LTD benefits under the Plan, claiming that she was totally disabled due to back pain. In July 1994, defendant-appellee Pitney Bowes Plan Administrator (the Plan Administrator) denied Whitaker's request for LTD benefits. Whitaker appealed the denial, provided the Plan medical records and reports from her physicians, and submitted to a medical evaluation and a functional capacity evaluation arranged by the Plan. In March 1995, the Plan Administrator determined on the basis of these reports that Whitaker was unable to perform the duties of her own occupation and approved her claim for LTD benefits for the first twelve months of her disability, that is for the period from November 1, 1993 through November 1, 1994. On the basis of the medical reports and a surveillance video taken on March 21, 1994, however, the Plan Administrator and the Pitney Bowes Employee Benefits Committee (the Committee) determined in April 1995 that Whitaker did not qualify for continuing LTD benefits.

Following the denial of her appeal for LTD benefits under the Plan, Whitaker continued to seek medical treatment and underwent surgery in July 1995. Utilizing medical evaluations performed after the Plan's April 1995 denial, Whitaker pursued a claim for social security benefits, which was awarded in September 1996. In January 1997, Whitaker filed this suit in

state court against Pitney Bowes and the Plan Administrator (collectively, the defendants) alleging that the denial of her request for LTD benefits was arbitrary, illegal, capricious, unreasonable, and not made in good faith. Defendants removed the action to the United States District Court for the Southern District of Texas on the basis of 28 U.S.C. § 1441(a). In October 1997, each of Whitaker and the defendants filed a motion for summary judgment. The district court granted defendants' and denied Whitaker's motion for summary judgment.

The district court concluded that Whitaker challenged only the Committee's factual determination of ineligibility, and that judicial review of the denial of LTD benefits is limited to determining whether substantial evidence exists in the record to support the decision that Whitaker did not qualify for LTD benefits. Furthermore, the court found that its review was limited in that it may only consider evidence available to the Plan at the time the final decision was made. The court evaluated the evidence available to the Plan in April 1995 and found the evidence sufficient to find Whitaker did not suffer from a "total disability." Whitaker timely appealed.

## II. DISCUSSION

Whitaker argues that the district court erred in finding that she is not entitled to benefits. Whitaker asserts the district court erred in failing to consider additional evidence that was not contained in the administrative record and in

4

failing to consider the Social Security Administrative Law Judge's finding that she was totally disabled under Social Security standards.  Whitaker also argues that the district court erred in finding sufficient evidence to support the Plan's determination because the surveillance video should not have been considered by the Committee and vocational expert testimony was required.  We address each of these arguments in turn.

## A. <u>Standard of Review</u>

The grant of summary judgment by a district court is reviewed de novo.  See <u>Tolson v. Avondale Indus., Inc.</u>, 141 F.3d 604, 608 (5th Cir. 1998); <u>Bellaire Gen. Hosp. v. Blue Cross Blue Shield</u>, 97 F.3d 822, 829 (5th Cir. 1996) ("We review *de novo* the district court's holding on the question of whether a plan administrator abused its discretion or properly denied a claim for benefits.").  When an ERISA plan vests its administrator with discretionary authority to determine eligibility for benefits or to construe the terms of the plan, our standard of review is abuse of discretion.  See <u>Tolson</u>, 141 F.3d at 608.  There is no question that the language of the Plan vests the Committee with such authority, and no party contests the district court's finding that the Committee has sufficient authority to make abuse of discretion the appropriate standard for reviewing the Committee's denial of Whitaker's claim for LTD benefits.

In applying the abuse of discretion standard, we determine whether the plan administrator acted arbitrarily or capriciously.

5

See Bellaire Gen. Hosp., 97 F.3d at 829; Wildbur v. ARCO Chem. Co., 974 F.2d 631, 635 n.7 (5th Cir.), modified on other grounds, 979 F.2d 1013 (5th Cir. 1992) (noting that there is "only a semantic, and not a substantive, difference" between "abuse of discretion" and "arbitrary and capricious" standards).  As the district court explained, an arbitrary decision is made without a rational connection between the known facts and the decision, or is a decision that does not reflect a reasonable and impartial judgment.  See Bellaire Gen. Hosp., 97 F.3d at 828; Pierre v. Connecticut Gen. Life Ins. Co., 932 F.2d 1552, 1562 (5th Cir. 1991).


B. Evidence Not in Administrative Record

Whitaker alleges that the district court erred in failing to consider evidence included in her motion for summary judgment that was not considered by the Committee denying her benefits. Relying on this court's decision in Wildbur, Whitaker alleges that "the court is not confined or limited to the administrative record," and therefore should have considered both medical records produced after April 1995 and the determination of the Social Security Administrative Law Judge in September 1996.

Whitaker's assertion that the district court should have considered evidence not contained in the administrative record, however, is inconsistent with her underlying allegations. Although we held in Wildbur that a district court is not confined to the administrative record in determining whether a plan

6

administrator abused his or her discretion in making a benefit determination, this holding "dealt with an administrator's interpretation of plan terms reviewed under an abuse of discretion standard, not with his factual determinations." Southern Farm Bureau Life Ins. Co. v. Moore, 993 F.2d 98, 102 (5th Cir. 1993); see Wildbur, 974 F.2d at 639. The district court properly concluded, and Whitaker does not dispute, that Whitaker challenges only the Committee's factual finding that she is not "totally disabled" and not the Committee's interpretation of the term. It is well-established that in reviewing a factual determination such as whether Whitaker is "totally disabled," the court may consider only evidence that was before the plan administrator, "assuming that both parties were given an opportunity to present facts to the administrator."[1] Wildbur, 974 F.2d at 639; see Schadler v. Anthem Life Ins. Co., 147 F.3d 388, 395 (5th Cir. 1998).

---

[1] The district court properly refused to consider the Social Security Administrative Law Judge's determination because the determination itself was not in the administrative record and it relied on medical records subsequent to the Committee's April 1995 decision. We find no support for Whitaker's assertion that the Committee must consider a subsequent Social Security Administration determination of disability, and we refuse to adopt such a rule here. See Block v. Pitney Bowes Inc., 952 F.2d 1450, 1455-56 (D.C. Cir. 1992) (refusing to find administrator's decision denying long-term disability benefits arbitrary based on subsequent Social Security Administration award resting in part on medical reports never submitted to the plan administrator); Freeman v. Sickness & Accident Disability Plan of AT&T Tech., Inc., 823 F. Supp. 404, 416 (S.D. Miss. 1993) (holding that plan administrator's failure to consider Social Security Administration award that was not presented and was decided under a different standard does not make administrator's decision incorrect or ill-considered).

7

Whitaker tries to avoid this limitation on the evidence that the district court may review by alleging that she was not given sufficient time to present facts to the Committee. Specifically, Whitaker points to an April 17, 1995 letter from the Plan informing her of the April 20, 1995 hearing and requesting any additional medical information. However, the record contains evidence of both the Plan requesting and Whitaker providing additional medical information as early as September 1994 for the Committee's review of her request for LTD benefits. Whitaker thus had a sufficient "opportunity to present facts to the administrator," and the district court properly concluded that it could consider only evidence available to the Committee when reviewing the Committee's decision denying LTD benefits.

## C. Sufficiency of the Evidence

The district court reviewed all the evidence considered by the Committee in denying Whitaker's claim for LTD benefits. Viewing the evidence in the light most favorable to Whitaker, the court found that the Committee's conclusion that Whitaker was not "totally disabled" reflected a reasonable and impartial judgment, and that there is a rational connection between the facts known to or determined by the Committee and its decision to deny Whitaker continuing LTD benefits. Whitaker now appeals the district court's finding.

The evidence that the Committee and the district court considered included reports and medical records from doctors

Whitaker had consulted, an independent medical evaluation and a functional capacity evaluation arranged by the Plan, and a surveillance report and video purportedly showing Whitaker engaged in physical activity.[2]  These records were independently evaluated by a registered nurse and a doctor employed by the Plan, and were provided to each member of the Committee.

Upon reviewing the medical records and reports considered by the Committee in denying Whitaker's request for LTD benefits, we agree with the district court that there was sufficient evidence for the Committee to conclude that Whitaker was not "totally disabled."  The medical reports disclosed that Whitaker complained of back pain and had a limping gait, but an MRI of the lumbar spine and lumbar spine x-rays were normal, and her physician found no reflex, motor, or sensory changes.  An orthopedic surgeon that Whitaker consulted found some "mild degeneration," performed a course of epidural steroid injections, and gave her a mild anti-inflammatory.  Whitaker tested negative on the Faber's and the Patrick's, two orthopedic tests used to determine whether a problem exists in the hip or lower back

---

[2] Whitaker claims the Committee's use of a "surreptitious video tape" supports her argument that the Committee's decision was arbitrary and capricious.  The only legal support Whitaker offers for her proposition, however, is the court's decision in Rigby v. Bayer Corp., 933 F. Supp. 628, 633-34 (E.D. Tex. 1996) (finding abuse of discretion where plan administrator relied exclusively on a surveillance video, disregarding the only medical assessment found in the record).  We find Rigby inapplicable in the instant case in light of the Committee's evaluation of  Whitaker's medical records, especially since the district court was "unimpressed" by the videotape but still found sufficient evidence to support the Committee's denial of benefits.

regions.  A discogram revealed that Whitaker's pain provocation was only mildly positive and her disc contrast pattern was normal, although the physician performing the discogram felt she may be a candidate for lumbar facet injections or a lumbar fusion to permanently relieve her pain.[3]

In addition to considering the medical records from doctors Whitaker had consulted, the Committee also based its decision on an independent medical examination and functional analysis of Whitaker.  Although tests performed in the functional analysis indicated Whitaker had poor overall strength, the physical therapist performing the test found the validity of the results "equivocal" because of Whitaker's "submaximal effort" and "symptom exaggeration."  This report, together with the medical reports and investigation reports, were reviewed by both the registered nurse and the doctor employed by the Plan.  They both determined that the evidence demonstrated Whitaker was not disabled from doing any job and recommended the Committee deny her LTD benefits.

Based on the medical records and reports reviewed by the Committee in its decision to deny Whitaker LTD benefits, we agree with the district court that the Committee's conclusion was

---

[3] Although Whitaker alleges that the Committee's decision was arbitrary and capricious because the Committee "set the LTD Committee hearing knowing Whitaker was to undergo back surgery that would likely clarify and confirm her disabling condition," she provides no factual or legal support for her proposition, and we see no need to impose a duty for the Committee to delay consideration in light of the significant medical evidence it reviewed.

10

reasonable and that there exists a rational connection between the facts known to the Committee and its decision to deny benefits. As the district court found in reviewing the record and as the facts stated above make clear, substantial evidence exists to support the decision that Whitaker was not "totally disabled." The Committee's decision therefore did not represent an abuse of discretion.[4]

Whitaker contends that the evidence the Committee considered was insufficient, however, because the Committee did not consult a vocational expert in reaching its decision. Whitaker contends the lack of any evidence in the administrative record suggesting specific jobs Whitaker was able to perform resulted in an arbitrary and capricious decision. We disagree.

The authority upon which Whitaker relies for this proposition reveals the weakness of her argument. In <u>Duhon v. Texaco, Inc.</u>, 15 F.3d 1302 (5th Cir. 1994), we held the absence of vocational rehabilitation evidence does not require a finding of abuse of discretion. <u>See</u> <u>id</u>. at 1309. Rather, "we will allow

---

[4] We find no merit in Whitaker's argument that the Committee's decision was an abuse of discretion because the Plan Administrator had previously awarded her twelve months of LTD benefits. The Plan provides that a participant unable to perform his or her own occupation is entitled to LTD benefits for a maximum of twelve months, but to receive benefits after twelve months a participant must be unable to engage in any occupation for which he or she is, or could become, reasonably suited by education, experience, or training. It is only this second element that Whitaker now challenges. <u>See</u> <u>McKenzie v. Gen. Tel. Co.</u>, 41 F.3d 1310, 1317-18 (9th Cir. 1994) (finding no abuse of discretion where LTD benefits plan terminated benefits under an "any occupation" standard after awarding eighteen months of benefits under an "own occupation" standard).

11

the reviewing court to decide, on a case-by-case basis, whether under the particular facts the plan administrator abused his discretion by not obtaining the opinion of a vocational rehabilitation expert."  Id.; see Thibodeaux v. Continental Cas. Ins. Co., 138 F.3d 593, 596 (5th Cir. 1998).  The Duhon court found that, given the medical evidence presented, "the plan administrator could competently determine disability without vocational testimony."  Duhon, 15 F.3d at 1309; see McKenzie, 41 F.3d at 1317 ("[C]onsideration of vocational evidence is unnecessary where the evidence in the administrative record supports the conclusion that the claimant does not have an impairment which would prevent him from performing some identifiable job.").

Under the facts of the instant case, we hold that it was not an abuse of discretion for the Committee to evaluate only the medical evidence and deny Whitaker's request without consulting a vocational expert.  As found by the district court, substantial evidence exists in the record to support the decision that Whitaker was not "totally disabled."  While other circumstances where the medical evidence is more equivocal may require the testimony of a vocational expert, see Rigby, 933 F. Supp. at 633-34 (holding the denial of benefits an abuse of discretion where the plan administrator disregarded the only medical assessment and had not consulted a vocational expert), the absence of such testimony here did not make the Committee's decision an abuse of

discretion.[5]

III. CONCLUSION

For the foregoing reasons, we find that the district court correctly granted summary judgment in favor of the defendants. The judgment is AFFIRMED.

---

[5] Since Whitaker has not prevailed on this appeal, her argument in favor of attorney's fees in the event that she did prevail is moot.