**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-30219

ALLECCA PERKINS TUCKER; ET AL

Plaintiffs,

versus

SHREVEPORT TRANSIT MANAGEMENT INC.
SPORTRAN 401(K) PLAN INC.; ET AL

Defendant- Counter Claimants,

versus

DAVID PERKINS

Counter-Defendant-Appellant-Appellee,

ALLECCA PERKINS TUCKER, PAMELA PERKINS KRUG,
REBECCA SNOOK, on behalf of Amanda Perkins,

Counter Defendants-Appellants,

versus

LORI BOYETT, on behalf of Mary Choate Perkins Succession,

Counter Defendant - Appellants.

Appeal from the United States District Court
for the Western District of Louisiana
Shreveport Division

September 14, 2000

Before WIENER and STEWART, Circuit Judges, and LITTLE,[*] District Judge

CARL E. STEWART, Circuit Judge:

This case involves competing claims over proceeds from a pension plan. For the reasons assigned below, we affirm the magistrate judge's ruling.

FACTUAL AND PROCEDURAL HISTORY

In September of 1996, Donald and Mary Perkins died simultaneously when the motorcycle on which they were riding was struck head-on by a truck. At the time of his death, Mr. Perkins was employed as a bus driver at Sportran, Inc ("Sportran"). Perkins participated in a package of three benefit plans sponsored by Sportran. The three benefit plans are a Life Insurance Plan, Employee Retirement and Disability Pension Plan ("Pension Plan"), and a 401(K) Plan.

Donald and Mary Perkins did not have any children during their marriage, however, they both had children from previous marriages. Mr. Perkins had three children, Allecca Perkins Tucker, Pamela Perkins Krug, and Amanda Perkins. Mr. Perkins was also survived by a brother, David Perkins. Mrs. Perkins had three children, Brian Martin, Billy Martin, and Lori Boyett.

Both Donald and Mary Perkins executed wills prior to their deaths. Each will contained reciprocal bequests of the testator-spouses' entire estate to the survivor. Each will also contained alternative bequests to the testators' children in the event that the spouses were to die in a common disaster. Both wills were probated in Louisiana state district court.

A dispute over the proceeds from the benefit plans arose among Donald Perkins's children, his brother, and Mary Perkins's daughter, Lori Boyett. As a result, Donald Perkins's children filed

---

[*]Chief Judge of the Western District of Louisiana, sitting by designation.

a declaratory action in Louisiana state district court.[1]  The benefit plans and insurers removed the case to federal district court by filing an interpleader action  pursuant to 28 U.S.C § 1335 and deposited the proceeds from the plans  into the registry of the court.  The parties submitted the case to be decided on the stipulated record in lieu of a  trial.  The parties stipulated that the late Mr. and Mrs. Perkins died simultaneously, and thus, survivorship could not be determined.  The parties also stipulated that all administrative remedies were exhausted, and to  have a magistrate judge conduct the proceedings below, including the entry of final judgment.  The magistrate judge awarded proceeds from the 401(K) plan to Allecca Perkins Tucker as the named secondary beneficiary.[2]  Mr. Perkins's three children were awarded equal shares of the proceeds from the life insurance plan.[3]  As to the Pension Plan, the magistrate judge awarded the death benefits to Lori Boyett as the executrix of Mary Perkins's estate.  Mr. Perkins three children and his surviving brother, David Perkins, now appeal the magistrate judge's judgment regarding the Pension Plan.[4]

---

[1] Lori Boyett was qualified and appointed as the executrix of Mary Perkins's succession under Louisiana law, and thus, represents Mary Perkins's interests in the instant case.  Rebecca Snook represents the interests of minor Amanda Perkins under Louisiana law as her appointed tutrix.

[2] Mary Perkins was named as the primary beneficiary under the 401(K) Plan.  Because the 401(K) Plan provides that "the secondary beneficiary will receive benefits only if the primary beneficiary is not alive," the magistrate judge awarded the proceeds from the 401(K) Plan to Allecca Perkins Tucker.  The validity of this award is not before us on appeal.

[3] The life insurance policy provided that if the designated beneficiary, Mary Perkins, did not survive  the insured, the proceeds were to be distributed to the surviving spouse, or the children of the insured in equal shares.

[4] Lori Boyett filed a notice of appeal to contest the magistrate judge's judgment regarding the 401(K) and the Life Insurance Plan.  However, the children of Mr. Perkins maintain that Ms. Boyett notice of appeal was filed  untimely, and Ms. Boyett concedes such in her brief.  As such, Ms. Boyett has waived her right to appeal the magistrate judge's judgment.

DISCUSSION

The issue before the court is whether the magistrate judge erred when he awarded the death benefits, $62,057.58, from the Pension Plan to Lori Boyett as executrix of Mary Perkins's estate.

I.    Standard of Review

The parties have stipulated that the Pension Plan in question is covered under the Employment Retirement Income Security Act of 1974 ("ERISA").   Our review of the record indicates that the Pension Plan is covered under ERISA.  Generally, when an ERISA plan confers on the plan administrator the discretion to determine eligibility for benefits or to interpret the plan's terms, the federal court review of the plan administrator's decision is for abuse of discretion.  See Threadgill v. Prudential Securities Group, Inc., 145 F.3d 286, 292 (5th Cir. 1998).  Although the parties stipulated that all administrative remedies had been exhausted, the record does not contain any decision by the plan administrator.  Consequently, the magistrate judge determined that the  parties waived any benefits of a discretionary review, and reviewed the instant matter de novo.  The parties do not challenge the magistrate judge's decision to review the claims de novo, and thus, we review the magistrate judge's construction of the Pension Plan de novo.

II.   Parties' Contentions

David Perkins, Donald Perkins's surviving brother, argues that he is entitled to the death benefits under the Pension Plan because he is designated as the secondary beneficiary under the plan. Donald Perkins's children argue that they are entitled to the death benefits because Mr. Perkins had executed a "simultaneous death" clause in his will which essentially provided that if he and his spouse were to die in a common disaster, his property would be included in his estate and distributed equally among his surviving children.  They also claim that under the Louisiana Civil Code articles governing

4

*commorientes*, Mary Perkins is presumed to have predeceased Donald Perkins, and thus his property including the death benefits from the Pension Plan belongs to his estate. Finally, Lori Boyett, executrix of Mary Perkins's estate, maintains that the magistrate judge did not err because Mary Perkins, as the designated primary beneficiary, is entitled to the death benefits.

A.      Mr. Perkins's Children's Claim

Because Mr. Perkins's children's claim raises a preemption issue, we address their claim first. Mr. Perkins's children essentially maintain that Mr. Perkins's will governs the distribution of the benefits under the Pension Plan. We disagree. Congress adopted ERISA to safeguard retirement benefits and to establish national uniformity in employee benefit law. See Shaw v. Delta Air Lines, 463 U.S. 85, 103, S.Ct. 2890, 2896-97, 77 L.Ed.2d 490 (1983). To help achieve uniformity, Congress enacted a broad preemption clause in 29 U.S.C. § 1144(a), which provides, generally, that ERISA "shall supersede any and all State law insofar as they may now or hereafter relate to any employee benefit plan . . . ." As such, ERISA preempts state laws that touch upon the distribution of benefits and proceeds of plans covered under ERISA. See Thibodeaux v. Continental Casualty Ins., Co, 138 F.3d 593 (5th Cir. 1998)(Louisiana law that purported to define "total disability" was preempted by ERISA); see also McMillan v. Parrot, 913 F.2d 310 (6th Cir. 1990)(designation of beneficiary in life plan documents governed over preempted state law clams); Brown v. Connecticut General Life Ins. Co., 934 F.2d 1193 (11th Cir. 1991)(determination of the beneficiary of life policy was governed solely by ERISA). Furthermore, the Supreme Court has held that testamentary instruments purporting to distribute proceeds and benefits covered under ERISA are preempted by federal law. See Boggs v. Boggs, 520 U.S. 833, 843-844, 117 S.Ct. 1754, 1761-1762, 138 L.Ed.2d

5

45 (1997).  As such, Mr. Perkins's will and Louisiana law, as they relate to the distribution of the benefits of the Pension Plan, are preempted by ERISA.

Under ERISA, claims for proceeds and benefits due under the terms of an ERISA plan may be brought by the "participant" or the "beneficiary."  See 29 U.S.C. § 1132(a).  A "participant" is an "employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit." Id. at § 1132(a).  A "beneficiary" is a "person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."  Id. at §1002(8).  Mr. Perkins's children are not "participants" or "beneficiaries" as contemplated under ERISA.  Mr. Perkins did not designate any of his children as beneficiaries under the Pension Plan.  Only if none of the participant's designated beneficiaries should survive him or otherwise be unavailable for distributions, thereby leaving the beneficiary designations "open," would his heirs or legatees become plan beneficiaries. As his brother, David, the designated secondary beneficiary, survived Mr. Perkins, the beneficiary designation is not "open" so Mr. Perkins's children are not entitled to the benefits or proceeds under the Pension Plan.[5]

B.      David Perkins's claim

Mr. Perkins designated his brother, David Perkins,  as the secondary beneficiary under the Pension Plan.  As such, David Perkins argues that he is entitled to the proceeds and benefits under the Plan because he is the only designated beneficiary who survived Mr. Perkins. ERISA plans are to be administered according to their controlling documents.  "[I]f the designation on file controls, administrators and courts need look no further than the plan documents to determine the beneficiary."

_____

[5] Because ERISA governs the distribution of benefits and proceeds under the Pension Plan, we need not discuss how the proceeds would be distributed under Mr. Perkins's will or under  the Louisiana Civil Code articles governing *commorientes*.

6

<u>Nickel v. Estes</u>, 122 F.3d 294, 298 (5th Cir. 1997). Thus, the "[e]ligibility for benefits under any ERISA plan is governed in the first instance by the plain meaning of the plan language." <u>Threadgill</u>, 145 F.3d at 292. We interpret ERISA plans "in ordinary and popular sense as would a person of average intelligence and experience." <u>Jones v. Georgia Pacific Corp.</u>, 90 F.3d 114, 116 (5th Cir. 1996). In other words, we must interpret ERISA provisions as they are likely to be "understood by the average plan participant, consistent with the statutory language." <u>See</u> <u>Walker v. Wal Mart Stores, Inc.</u>, 159 F.3d 938, 940 (5th Cir. 1998) (per curiam). (Internal quotation marks omitted.) In the instant case, the terms of the Pension Plan read:

> If the above designated primary beneficiary [] (Mary Perkins) should die before me (Donald Perkins), I hereby designate the following person as Secondary Beneficiary of my death benefits under the plan.

(parentheticals added). The Plan designates David Perkins as the secondary beneficiary. Because the parties stipulated that the Perkins died instantaneously and simultaneously in a common disaster, the magistrate judge reasoned that Mary Perkins did not die before Donald Perkins. As such, under the plain language of the Plan, the magistrate judge held that Mary Perkins's succession was entitled to the death benefits.

After a review of the Plan, we find that the magistrate judge's construction is consistent with its express terms. As stated above, the express language of the Plan states that the secondary beneficiary shall be entitled to the death benefits if the primary beneficiary *dies before* the participant, Mr. Perkins. Under the terms of the parties' stipulation, Mary Perkins did not *die before* Mr. Perkins. Certainly, if the Plan had stated "if the primary beneficiary *is not alive* at the time of my death, I designate the following person as secondary beneficiary of my death proceeds under the Plan," David Perkins, as the secondary beneficiary, would be entitled to the death benefits. However, under the

Plan's express terms, the death of the primary beneficiary before the death of the participant is a condition precedent to the secondary beneficiary's entitlement to the benefits under the Plan. Although the Plan contains a clause providing for the payment of the death benefits to the participant's estate if there are no beneficiaries alive at the time of the participant's death, this provision does not change the express language in the Plan making the primary beneficiary's death before the participant's death a condition precedent for the secondary beneficiary to become entitled to the death benefits. As such, the magistrate judge did not err when he awarded the death benefits under Mr. Perkins's Pension Plan to Lori Boyett as executrix of Mary Perkins succession.[6]

<u>CONCLUSION</u>

For the reasons above, we AFFIRM the magistrate judge's judgment.

AFFIRMED.

---

[6] We acknowledge that it is counterintuitive that Mr. Perkins intended for Lori Boyett (Mrs. Perkins's biological daughter) to receive the death benefits under the Pension Plan in lieu of his biological children and biological brother. Notwithstanding, we are bound to give effect to the plain language that appears within the four corners of the Pension Plan as well as the stipulation of the parties regarding the Perkins' simultaneous death. Furthermore, we cannot avoid, disregard, or circumvent the plain language of the Pension Plain in order to produce a more predictable result.

8