United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 03-60308

_____

MICKEY W. BOSWELL,

Plaintiff - Appellee,

versus

RELIANCE STANDARD LIFE INSURANCE COMPANY;
COLONIAL LIFE AND ACCIDENT INSURANCE COMPANY,

Defendants - Appellants.

_____

Appeal from the United States District Court
For the Northern District of Mississippi
(No. 2:01-CV-122)

_____

Before SMITH, BARKSDALE, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:[*]

Appellants Reliance Standard Life Insurance Company ("Reliance") and Colonial Life and

Accident Insurance Company ("Colonial Life") appeal the district court's ruling that the decision of

Reliance, the plan administrator of Colonial Life's benefit plan, terminating the benefits of Appellee

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

1

Mickey W. Boswell ("Boswell") was arbitrary and capricious. Because the district court substituted its judgment for that of the plan administrator, we REVERSE.

## I. FACTS AND PROCEEDINGS

Boswell was employed by Colonial Life for twenty years as an insurance agent. On May 28, 1999, he underwent quintuple bypass surgery and cardiac catheterization. Following this surgery, Boswell suffered a stroke which affected his motor coordination on the left side of his body. After his release from the hospital, Boswell underwent physical and occupational therapy. He was also treated with medication for depression. Pursuant to the requirements of Colonial Life's benefit plan, in January 2000, Boswell made a claim for the payment of long-term disability benefits for his total disability[1] due to his heart surgery and stroke.

Reliance, the administrator of Colonial Life's benefit plan, determined on April 12, 2000 that the last date on which Boswell was totally disabled was December 7, 1999. Reliance therefore denied payment of full benefits for total disability after December 7. In support of this denial of benefits, Reliance cited a list of reports from various doctors that indicated, among other improvements, that ninety-five percent of Boswell's neurologic function had returned and that he was permitted to return to "full activity". Boswell appealed the plan administrator's decision.

On May 23, 2000, a new doctor diagnosed Boswell with chronic depression. This medical opinion was followed by that of another doctor on June 19, 2000, in which the doctor concluded that it might be "quite difficult for [Boswell] to return to work."

---

[1] "Totally disabled" is defined in the benefit plan as "that as a result of an injury or sickness (1) during the Elimination Period and for the first 24 months for which a Monthly Benefit is payable, you cannot perform the material duties of your regular occupation."

The plan administrator's determination that Boswell was not totally disabled within the meaning of the plan after December 7, 1999 was affirmed on October 18, 2000. Boswell subsequently filed suit in district court. After discovery, Colonial Life and Reliance moved for summary judgment. In denying their motion for summary judgment, the district court found that the administrator's decision to deny Boswell benefits was arbitrary and capricious. Boswell's motion for entry of final judgment was granted. Reliance and Colonial Life timely appeal.

## II. STANDARD OF REVIEW

The Employee Retirement Income Security Act of 1974 ("ERISA") authorizes federal court review of a plan administrator's denial of a claimant's claim. 29 U.S.C. § 1132(a)(1)(B). Factual determinations under ERISA plans are reviewed for abuse of discretion. *Pierre v. Conn. Gen. Life Ins. Co.*, 932 F.2d 1552, 1562 (5th Cir. 1991). Further, so long as the ERISA benefit plan provides the plan administrator with discretionary authority to construe the terms of the plan, the plan administrator's denial of benefits is also reviewed for an abuse of discretion. *Gosselink v. A T & T, Inc.*, 272 F.3d 722, 726 (5th Cir. 2001). When a court applies the abuse of discretion standard, it analyzes whether the plan administrator acted arbitrarily or capriciously. *Lain v. UNUM Life Ins. Co. of America*, 279 F.3d 337, 342 (5th Cir. 2002). "An administrator's decision to deny benefits must be 'based on evidence, even if disputable, that clearly supports the basis for its denial.' We must find that '[w]ithout some *concrete evidence* in the administrative record that supports the denial of the claim, . . . the administrator abused its discretion.'" *Id.* (citations omitted).

## III. DISCUSSION

This Court must evaluate whether there was any concrete evidence before Reliance that would justify the denial of benefits. *See Thibodeaux v. Cont'l Cas. Ins. Co.*, 138 F.3d 593, 595 (5th Cir.

1998) (observing that when this Court reviews factual determinations it "can consider only the evidence that was available to the administrator"). We find that there was ample evidentiary support in the administrative record to demonstrate that Boswell was able to drive, write, and type well enough to be discharged from occupational therapy. In fact, there was no evidence to the contrary. The district court concluded that "the administrator essentially picked and chose those parts of the administrative record which supported a denial of the claim while disregarding those parts which supported the claim." Yet the district court failed to cite any medically-sound evidence that was before Reliance on April 12, 2000 to support the grant of benefits. No doctor offered evidence that, because of the bypass surgery and stroke, Boswell was unable to perform his job.

Similarly, there seems to have been no evidence available to Reliance in April, 2000 that Boswell was "totally disabled" by depression. Even after the initial denial of benefits, when a comprehensive diagnosis of major depression was finally made, there was no evidence that Boswell was anything more than mildly depressed and properly medicated. At most, there was some evidence that it would be difficult for Boswell to transition back to work. Nevertheless, no doctor offered evidence that, because of severe depression, Boswell was unable to perform his job. Under the terms of the plan, Boswell had the burden of submitting "satisfactory proof of Total Disability" to Reliance as a requirement for receiving a monthly benefit. Boswell failed to meet this burden, and the district court abused its discretion in finding otherwise.

## IV. CONCLUSION

Because the district court abused its discretion by substituting its judgment for that of the plan administrator, we REVERSE and RENDER in favor of Colonial Life and Reliance. Furthermore,

4

because the award of attorneys' fees depends upon a judgment in favor of Boswell, we also REVERSE the grant of fees.